**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Allen T. Belton


        v.                                     Civil No. 04-cv-270-PB


Warden, Northern New Hampshire
Correctional Facility


**REPORT AND RECOMMENDATION**

    Before the Court for preliminary review is Allen Belton's

pro se petition for a writ of habeas corpus (document no. 3) and

a Brief/Memorandum in support of his petition (document no. 12

and attachments)[1] filed pursuant to 28 U.S.C. § 2254.  See Rule 4

of the Rules Governing § 2254 proceedings (requiring initial

review to determine whether the petition is facially valid); see

also United States District Court for the District of New

Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate

judge to preliminarily review pro se pleadings).  As discussed

herein, I find that Belton has sufficiently demonstrated

exhaustion to allow the claims in his petition to proceed at this

time.  In an Order issued simultaneously with this Report

---

    [1]The petition, brief and attachments will be considered, in
the aggregate, to constitute the petition in this matter for
purposes of preliminary review.

and Recommendation, I direct that twelve of the claims in the petition be served at this time.  Belton alleges in two claims that his conviction was secured by use of evidence obtained in violation of his rights under the fourth amendment.  As fully explained herein, because these two fourth amendment claims are not cognizable in a federal habeas action, I recommend they be dismissed from the petition.

Standard of Review

In reviewing a pro se complaint, the court is obliged to construe the pleading liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3

(1st Cir. 1996) (stating the "failure to state a claim" standard

of review and explaining that all "well-pleaded factual

averments," not bald assertions, must be accepted as true).  This

review ensures that pro se pleadings are given fair and

meaningful consideration.  See Eveland v. Dir. of C.I.A., 843

F.2d 46, 49 (1st Cir. 1988).

Background

On November 14, 2001, Allen Belton was stopped outside of

his Methuen, Massachusetts home, handcuffed, questioned at his

home and at the Salem, New Hampshire police station, returned

briefly to his home, and ultimately arrested for a bank robbery

that occurred that day in Salem, New Hampshire.  After an

investigation which involved, among other things, questioning

witnesses, obtaining an identification through a photographic

lineup, dog tracking, a search of Belton's home, and DNA

processing of evidence found, Belton was charged with the

bank robbery in the United States District Court for the District

of New Hampshire.  Ultimately, the office of the United States

Attorney requested that the Court dismiss the federal indictment.

In a letter to Belton's federal defense attorney, the prosecutor

indicated that his reason for seeking dismissal of the indictment

was that he felt that the initial arrest and seizure of Belton at his home may have violated the fourth amendment, which could present an obstacle to the successful prosecution of the case. The motion was granted and the federal indictment was dismissed. Subsequently, Belton was indicted in the New Hampshire Superior Court at Rockingham County for the robbery.

On December 3, 2002, Allen Belton was convicted of the bank robbery in the Rockingham County Superior Court.  Belton was sentenced to 10-20 years in the New Hampshire State Prison, a sentence he is currently serving.  Belton appealed his conviction to the New Hampshire Supreme Court.  Belton's appellate attorney raised several issues in that appeal, and Belton was permitted to raise a number of additional issues in a pro se supplemental brief.  Belton's appeal was denied after the New Hampshire Supreme Court considered and rejected each of the claims made in the briefs.  See State v. Belton, 150 N.H. 741 (2004).  Belton's petition for a writ of certiorari to the United States Supreme Court was also denied.  See Belton v. New Hampshire, 543 U.S. 1028 (2004).

Belton subsequently filed post-conviction pleadings seeking a new trial in the state trial court.  When he was unsuccessful

there, Belton attempted to return to the New Hampshire Supreme

Court for consideration of his claims, but his notice of appeal

was declined.  Belton now proceeds in this Court with the

following claims, all of which were unsuccessfully presented to

the New Hampshire state courts, including the New Hampshire

Supreme Court:[2]

1.    The conviction was obtained in violation of Belton's Fifth
      Amendment right against self-incrimination when his coerced
      confession was used against him at trial;

2.    Belton's Sixth Amendment right to the effective assistance
      of counsel was violated when:

      A.    His federal defense attorney violated the attorney-
            client privilege, which resulted in additional state
            charges being brought against Belton;

      B.    His first state defense attorney failed to investigate
            the case;

      C.    His first state defense attorney failed to adequately
            prepare for trial;

      D.    His first state defense attorney failed to obtain an
            expert witness to counter the state's expert at trial;

      E.    His first state defense attorney failed to seek recusal
            of the trial judge after the trial judge slept during
            the proceedings against Belton;

---

[2]The claims as identified herein shall be considered for all
purposes to be the claims raised in the petition.  To the extent
that petitioner disagrees with this identification of the claims,
he must do so by proper objection to this Report and
Recommendation or by proper amendment to his petition.

F.    His first state defense attorney caused the trial to be continued or delayed against Belton's wishes;

G.    His second state defense attorney failed to utilize exculpatory information to present a defense for Belton;

H.    His second state defense attorney failed to impeach state's witnesses with available information;

I.    His second state defense attorney allowed damaging testimony to be introduced at trial that should have been excluded;

J.    His appellate counsel raised only claims alleging discretionary abuse by the trial court and failed to raise other claims, including at least one meritorious constitutional claim;

3.    The conviction was obtained in violation of Belton's fourteenth amendment due process rights and sixth amendment confrontation right by the introduction of DNA evidence at trial that was admitted without adequate statistical information to assist the jury in interpreting the testimony;

4.    The conviction was obtained in violation of Belton's fourteenth amendment due process rights when the trial court allowed the prosecution to admit a jacket and mask in evidence, and allowed forensic evidence derived from the property to be admitted, despite incomplete chain of custody evidence;

5.    The conviction was obtained in violation of Belton's fourteenth amendment due process rights when the trial court allowed dog track evidence to be introduced at trial without the prosecution establishing a proper evidentiary foundation for the evidence;

6.    The conviction was obtained in violation of Belton's fourteenth amendment due process rights and sixth amendment confrontation right when the prosecution failed to disclose

evidence to Belton that a witness was unable to choose
Belton's picture out of a photographic array, a fact that
should have resulted in exclusion of all of the photographic
identification evidence;

7. The conviction violated Belton's fourteenth amendment due
   process rights and his sixth amendment confrontation right
   due to the admission of evidence obtained after an
   unnecessarily suggestive photographic identification process
   was utilized;

8. The conviction violated Belton's fourteenth amendment right
   to equal protection of the laws when prosecutorial and
   investigatory decisions were made on the basis of race;

9. Belton's conviction violates his fifth amendment right not
   to be twice put in jeopardy and his Fourteenth Amendment
   right to enjoy the protection of a federal judgment because
   the state prosecuted him after the federal indictment
   against him was dismissed;

10. Belton's conviction violates his sixth amendment right to a
    fair and impartial trial when the trial judge engaged in the
    following acts of misconduct:

    A. The trial judge talked to the jurors and provided them
       with damaging information about Belton prior to the
       verdict;[3]

    B. The trial judge slept during the proceedings against
       Belton;

---

[3]Belton has alleged that the trial judge spoke to the jurors
and told them of Belton's criminal record before they reached a
verdict.  Belton has also submitted the judge's response to these
allegations which states that he speaks to jurors regarding such
matters, if at all, only after a verdict is reached.  Allowing
this claim to proceed beyond preliminary review is in no way a
comment on the merits of this, or any, claim raised in the
petition.

C.    The trial judge made offensive comments about Belton's mother that revealed his bias against Belton;

11.   The conviction was obtained in violation of Belton's fourteenth amendment due process rights when the prosecution engaged in the following acts of misconduct:

A.    The prosecution knowingly presented perjured police testimony to the jury;

B.    The prosecution admitted prejudicial evidence about a dog track without proper foundation;

C.    The prosecution offered the testimony of a color-blind witness without providing proper exculpatory information regarding the witness to the petitioner;

D.    The prosecution made improper comments about Belton's defense strategy during his summation;

E.    The prosecution engaged in vindictive prosecution by increasing the severity of the charges when Belton exercised his constitutional rights in the defense of his case;

12.   The conviction was obtained in violation of Belton's sixth amendment right to confrontation when a police officer testified to improper hearsay statements made by a non-testifying declarant;

13.   The conviction was obtained in violation of Belton's fourth amendment rights because statements and evidence obtained after the improper seizure of his person on November 14, 2001 were used against him at trial;

14.   The conviction was obtained in violation of Belton's fourth amendment rights because improperly obtained evidence was admitted pursuant to the trial court's erroneous ruling that the police had reasonable and articulable suspicion that Belton had committed a crime at the time they seized Belton's person; probable cause to arrest, which was needed to properly make such a seizure, did not exist.

Discussion

Claims 1-12

Under 28 U.S.C. § 2254, the federal courts are authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  To be eligible for habeas relief, Belton must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st Cir. 1981).  Belton is currently serving his sentence and is thus in custody.  Further, at this time, Belton has demonstrated in his petition that he has exhausted his state remedies for each of the claims enumerated herein.  Accordingly, in an Order issued simultaneously with this Report and Recommendation I direct that the claims numbered one through twelve above be served on the Respondent.

Claims 13 & 14

In claims numbered 13 & 14 above, Belton alleges that he is
entitled to habeas relief because his conviction violates rights
guaranteed to him under the Fourth Amendment.  In his pleadings,
Belton argues that his claims should be excepted from the general
prohibition against allowing habeas claims for violations of the
fourth amendment because he was not provided with a full and fair
opportunity to litigate his fourth amendment claims in the state
courts.

In general, claims based on the Fourth Amendment's
prohibition against unreasonable searches and seizures are not
cognizable in a federal habeas action.  See Stone v. Powell, 428
U.S. 465, 494 (1976) ("[W]here the State has provided an
opportunity for full and fair litigation of a Fourth Amendment
claim, a state prisoner may not be granted federal habeas corpus
relief on the ground that evidence obtained in an
unconstitutional search or seizure" was used to obtain his
conviction).  Contrary to Belton's assertions, the petition does
not present any facts from which this Court could conclude that
petitioner was not given a full and fair opportunity to litigate
these issues in the state courts.  To the contrary, the petition

10

indicates that petitioner did litigate this issue in the trial

court.  Belton filed a motion to suppress evidence.  A three-day

evidentiary hearing was held on Belton's motion.  Additionally,

the trial court issued a seventeen-page written order discussing

its fourth amendment analysis and granting Belton some of the

relief he sought.  Further, Belton appealed the trial court's

adverse fourth amendment ruling to the New Hampshire Supreme

Court and was given the opportunity to brief and argue the fourth

amendment issue in the case.  I find that Belton has failed to

allege sufficient facts to state a claim that he was denied a

full and fair opportunity to litigate his fourth amendment

claims.  Accordingly, I find that the fourth amendment claims in

his current petition should not be excepted from the <u>Stone</u>

prohibition on such claims and I recommend dismissal of those two

claims from this action.

Conclusion

Any objections to this Report and Recommendation must be

filed within ten (10) days of receipt of this notice.  Failure to

file objections within the specified time waives the right to

appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of</u>

11

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United

States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:   September 13, 2006

cc:    Allen T. Belton, pro se