UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Allen T. Belton

   v.                                                        Civil No. 04-cv-270-PB

Warden, Northern New Hampshire
Correctional Facility

**O R D E R**

     Before the Court for preliminary review is Allen Belton's pro se petition for a writ of habeas corpus (document no. 3) and a Brief/Memorandum in support of his petition (document no. 12 and attachments)[1] filed pursuant to 28 U.S.C. § 2254.  See Rule 4 of the Rules Governing § 2254 proceedings (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).  As discussed herein, I find that Belton has sufficiently demonstrated exhaustion to allow the claims in his petition to proceed at this

---

[1] The petition, brief and attachments will be considered, in the aggregate, to constitute the petition in this matter for purposes of preliminary review.

time.[2]  Accordingly, and as explained in the Report and Recommendation issued simultaneously with this Order, I direct that Belton's claims 1-12 be served on the Respondent.  See Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rules").  The Respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document nos. 3, 12 & attachments thereto).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

---

[2] In a Report and Recommendation issued simultaneously with this Order, I have enumerated Belton's fourteen claims.  While I find that all fourteen claims have been exhausted in the state courts, I recommend that claims 13 & 14, as enumerated therein be dismissed as not cognizable in a federal habeas action.  This order directs an answer to only the claims numbered 1-12 in the Report and Recommendation issued this day.

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

### Motion for Evidentiary Hearing

Belton has filed a motion seeking an evidentiary hearing on his petition (document no. 16).  The motion is denied without prejudice to the District Judge ordering an evidentiary hearing should he determine that such a hearing is warranted.  See § 2254 Rule 8.

### Motion for the Appointment of Counsel

Belton has filed a motion seeking the appointment of counsel in this case (document no. 15).  As Belton's motion acknowledges, there is no absolute constitutional right to free legal representation in a civil case.  Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988).  Rather, appointment of counsel in a civil case is left to the discretion of the court.  See 28 U.S.C. § 1915(d). An indigent litigant must demonstrate that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law.  DesRosiers v. Moran, 949 F.2d 15,

23 (1st Cir. 1991); <u>Cookish v. Cunningham</u>, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam).  In the case at hand, petitioner has alleged that his case is complex because it contains several different legal claims and because he does not have access to the resources necessary to represent himself.  Petitioner has demonstrated through his pleadings that he is capable of communicating his multiple legal claims effectively in writing, and has sufficient access to legal materials to be able to present these claims to this Court.  At this time, petitioner has failed to establish the existence of any exceptional circumstances that would endanger his ability to obtain due process of law in this matter.  The petitioner's motion for counsel is therefore denied without prejudice to refiling in the future should circumstances warrant.

**SO ORDERED.**

                                                       /s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: September 13, 2006

cc:   Allen T. Belton, pro se