UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Allen T. Belton

    v.                                        Civil No. 04-cv-270-JL
                                          Opinion No. 2008 DNH 130
Larry Blaisdell, Acting Warden,
Northern Correctional Facility,
New Hampshire State Prison


**O R D E R**

The petitioner, Allen T. Belton, moves to alter or amend this court's judgment for the respondent, see Fed. R. Civ. P. 59(e), issued at the end of an evidentiary hearing, on Belton's claims of ineffective assistance of counsel in support of his petition for habeas relief from his state bank robbery conviction. He has also moved to exceed the page limitation for such a filing under the Local Rules (document no. 64), which is granted; the court has considered the filing in its entirety.

To obtain relief under Rule 59(e), "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the . . . court committed a manifest error of law." Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006). Belton has come nowhere close to this showing. His motion focuses on his claim that his appellate counsel erred in failing to argue to the New Hampshire Supreme Court that Belton was arrested without probable cause on November 14, 2000.

As this court explained at the evidentiary hearing, however, all of the evidence resulting from this arrest was suppressed by the superior court anyway,[1] on the ground that the evidence was the product of custodial interrogation without the benefit of <u>Miranda</u> warnings. Belton nevertheless argues that the November 14 arrest tainted his second arrest the next day--which in turn produced his confession--because the application for the warrant on the second arrest contained information gained from the first arrest both directly, i.e., statements he made while in custody, and indirectly, i.e., the results of a dog track that was conducted, he says, with the benefit of information from his first arrest.

The latter claim is not supported by the record. The former claim was raised for the first time in a pro se motion Belton filed in the superior court after his conviction had been upheld, so appellate counsel cannot be faulted for failing to argue it to the New Hampshire Supreme Court; it was waived by the time of Belton's direct appeal, and his allegations of ineffective assistance against his trial attorneys have never included their

---

[1]The superior court did allow testimony about Belton's physical appearance at the time of the arrest but, as this court also explained at the hearing, that evidence is not properly characterized as the fruit of the arrest; indeed, given that Belton was standing in his yard when the police arrived, they could have observed what he looked like even without taking him into custody.

failure to raise that claim.[2]  Moreover, Belton himself waived the claim as a basis for habeas relief when he failed to object to its recommended dismissal by the magistrate judge under <u>Stone v. Powell</u>, 428 U.S. 465 (1976).  Finally, assuming that the claim could be considered on the merits nonetheless, the affidavit supporting Belton's second arrest demonstrates probable cause even if the statements he made during his first arrest are excised, because all of those statements were exculpatory anyway.

The remainder of Belton's arguments are either entirely new but are unaccompanied by any explanation as to why they were not raised earlier, or have been addressed in this court's prior rulings but are unaccompanied by any explanation as to why those rulings were manifestly erroneous.  In either case, then, reconsideration is unwarranted.  The motion for reconsideration (document no. 65) is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  August 5, 2008

cc:  Allen T. Belton, pro se
     Susan P. McGinnis, Esq.

---

[2]Belton also did not, contrary to what he says, raise the claim in his own pro se brief to the New Hampshire Supreme Court.